May Term, 1823.

BARLOW
v.
RENO.

(1) Stat. 1823, p. 293.

*Wednesday, May 14.*

---

## BARLOW and Another v. RENO and Another, in Error.

*Friday, May 16.*

THE Court held, in this case, that the confession of judgment by one partner, in the name of the partnership, does not bind the firm (1).

(1) In cases of general partnership, one of the partners cannot bind the others without an authority express or implied; and an authority can only be implied for what is necessary to carry on the trade in which the partners are concerned. Per *Best,* C. J., in *Stead et al.* v. *Salt,* 3 Bing. 101. To confess judgments does not seem to be any part of the *ordinary* business of a trading company: not more so, certainly, than entering into a submission to arbitration; which, agreeably to the case cited above, one partner cannot do, so as to bind the firm. This latter point—that one partner cannot by a submission

to arbitration bind his co-partner—is considered in a note to *Mills* v, *Conner*, ante, p, 9, to be unsettled; *Taylor* v. *Coryell*, there cited, deciding that he may. When that note was written, the report of the late case of *Stead et al.* v. *Salt*, supra, had not reached this country; nor had the case of *Karthaus* v. *Ferrer*, 1 Peters, 222, 228, to the same effect, been then decided. As to the authority of one partner to bind another, vide *Posey* v. *Bullitt*, ante, p. 99, and note.—*Flood* v. *Yandes*, ante, p. 102.—3 Kent's Com. 17—27.